UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **HILDA L. SOLIS, Secretary of Labor,** | ) | Case No. 5:09CV02886 |
| **United States Department of Labor,** | ) | |
| | ) | |
| **Plaintiff,** | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **MILLING AWAY, LLC, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the Court on motions by Defendants Milling Away, LLC, and Steven Harvey seeking (1) leave to file an answer *instanter*, and (2) relief from judgment. For the reasons that follow, the motion for leave to answer is GRANTED, and the motion for relief from judgment is DENIED as moot.

On December 14, 2009, Plaintiff Hilda L. Solis, the United States Secretary of Labor, filed this action accusing Defendants of violating the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (Doc. No. 1.) The complaint seeks to enjoin further violations of the FLSA and to recover damages on behalf of the affected employees. The record indicates that the Secretary perfected service upon Defendants on January 12, 2010. (Doc. No. 4.) Defendants failed to respond to the complaint within the requisite time period, *see* Fed. R. Civ. P. 12(a)(1)(A)(i), and the Secretary applied for entry of default on May 11, 2010. (Doc. No. 5.) The Clerk entered default on May 17, 2010. (Doc. No. 6.)

Shortly thereafter, on May 25, 2010, Defendants sought leave to file an answer *instanter*, appending to the motion a copy of their proposed answer. (Doc. No. 9.) A week later,

Defendants followed with a motion styled as a request for relief from judgment and to set aside judgment under Federal Rules of Civil Procedure 55(c) and 60(b). (Doc. No. 10.) The Secretary filed a response indicating that she "does not oppose Defendants' Motion For Leave to File Answer Instanter and . . . does not oppose the entry of default being set aside." (Doc. No. 11 at 2.)

As the Secretary points out in her response, no judgment has been sought or entered, and thus Defendants need only set aside the clerk's entry of default, which the Court may do upon a demonstration of "good cause." Fed. R. Civ. P. 55(c). The Court evaluates the adequacy of Defendants' cause showing in light of whether (1) the plaintiff will be prejudiced; (2) the defendant has a meritorious defense; and (3) the defendant's culpable conduct led to the default. *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990). In the context of setting aside a clerk's entry of default (as opposed to a default judgment), the court balances these factors more leniently to reflect the strong policy preference for trial on the merits. *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193-94 (6th Cir. 1986). And "[a]lthough 'all three factors must be considered in ruling on a motion to set aside an entry of default,' when a defendant has a meritorious defense and the plaintiff would not be prejudiced, 'it is an abuse of discretion for the district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead.'" *United States v. $22,050 United States Currency*, 595 F.3d 318, 324 (6th Cir. 2010) (quoting *Shepard*, 796 F.2d at 194).

For Rule 55(c)'s purposes, a "meritorious defense" exists if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 399 (6th Cir.

1987) (citation omitted). "If a defense is 'good at law,' regardless of the likelihood of success, it will be considered meritorious." *Burrell v. Henderson*, 434 F.3d 826, 834 (6th Cir. 2006) (quoting *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983)). Defendants' proposed answer, which denies committing any FLSA violations and asserts, *inter alia*, a statute of limitations defense, qualifies as a "meritorious defense" under the rule. The Secretary does not oppose the relief requested by Defendants, which indicates that she will suffer no prejudice. Under these circumstances, the Court finds that Defendants have established "good cause," entitling them to relief from the Clerk's entry of default.

Accordingly, the clerk's entry of default is hereby VACATED, and Defendants' motion for leave to answer *instanter* is GRANTED. Defendants shall file the proposed answer forthwith. Because the matter never proceeded to default judgment, Defendants' motion for relief from judgment is DENIED as moot.

**IT IS SO ORDERED**.

Dated: June 10, 2010

                                                   **HONORABLE SARA LIOI**
                                                   **UNITED STATES DISTRICT JUDGE**